IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN DAVID ROBINSON,

    Petitioner,                          No. CIV S-03-2180 GEB JFM P

    vs.

THOMAS L. CAREY, Warden, et al.,

    Respondents.                      FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of fifteen years to life in prison plus a one year enhancement following his conviction on charges of second degree murder with use of a knife. Petitioner claims that respondents have violated his constitutional rights by unlawfully restating his prison sentence as a sentence of "straight life sentence and life without possibility of parole" in order to justify denying petitioner one-third sentence reduction credits. (Petition, filed October 16, 2003, at 8.) Respondents contend that petitioner's claim is moot because he has reached his minimum eligible parole date, and that the petition has no basis in fact or in law.

/////

/////

1

ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. <u>Avila v. Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court

reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II.  Petitioner's Claim

Petitioner claims that respondents have violated his federal constitutional right to due process by restating his prison sentence to justify denying him one-third sentence reduction credits.  Petitioner raised this claim in petitions for writ of habeas corpus to the California Superior Court for the City and County of San Francisco, the California Court of Appeal for the First AppellateDistrict, and the California Supreme Court.  (See Exhibit B to Answer.)  The state supreme court denied the petition without any statement of reasons or citation to authority.  (Id.)  The state court of appeal denied the petition filed in that court for failure to state a prima facie case for relief and failure to exhaust administrative remedies.  (Id.)  The state superior court denied the petition for failure to present any evidence that he had been denied parole or a parole hearing, and on the ground that the reference to petitioner as a "life term" prisoner did not improperly restate his 16 years to life prison sentence.  (Id.)

Petitioner was sentenced to an indeterminate prison term of fifteen years to life in prison for a second degree murder committed after November 8, 1978.  (Ex. A to Answer.) Petitioner's sentence was imposed pursuant to the provisions of former California Penal Code § 190(a), which provided in relevant part:

> Every person guilty of murder in the first degree shall suffer death, confinement in state prison for life without possibility of parole, or confinement in state prison for a term of 25 years to life. ... [¶] Except as provided in subdivision (b), every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life. [¶]  The provisions of Article 2.5 (commencing with Section 2930 of Chapter 7 of Title 1 of Part 3 of the Penal Code shall apply *to reduce any minimum term of 25 or 15 years* in a state prison *imposed pursuant to this section*, but such person shall not otherwise be released on parole prior to such time.

Former California Penal Code § 190(a) (quoted in In re Dayan, 231 Cal.App.3d 184, 187-88

1  (1991)).  Petitioner sentence is considered an indeterminate sentence under California law.  See
2  In re Dayan, at 187 (quoting In re Monigold, 139 Cal.App.3d 485, 490 (1983)).
3  　　　　　Under California law, an inmate with an indeterminate sentence of fifteen years to
4  life is classified as a "life prisoner," see In re Monigold, at 487 n.1 (1983), and the California
5  Board of Prison Terms determines when such inmates will be released on parole.  Cal. Penal
6  Code § 3040.  Inmates serving indeterminate sentences are not eligible for parole consideration
7  until they have served reached their minimum eligible parole release date (MEPD).  See In re
8  Dayan, at 186.  For such inmates, the MEPD is calculated by applying good time credits against
9  the statutory minimum term of 15 years.  See id. at 189 (citing Cal. Penal Code § 190(a)).  The
10 Board of Prison Terms is not required to reapply those credits if sets an actual release date.  See
11 In re Dayan, at 189.
12 　　　　　Here, the record reflects that petitioner's sentence started on May 23, 1985.  (Ex.
13 D to Answer.)  His minimum eligible release date was set at August 27, 1994.  (Id.)  As part of
14 the calculation, 1874 good time credits were applied against the 15 year minimum term.  (Id.)
15 Petitioner's initial parole consideration hearing was held on August 24, 1993.  (Ex. E to Answer.)
16 　　　　　Based on the foregoing, this court finds  petitioner's contentions that he has been
17 improperly characterized as a life prisoner and that he has been unconstitutionally denied good
18 time credits against his sentence are without merit.  The state courts' rejection of petitioner's
19 claim was neither contrary to, nor an unreasonable application of, applicable principles of federal
20 law.
21 　　　　　Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
22 a writ of habeas corpus be denied.
23 　　　　　These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
2  failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:  May 7, 2007.

```
                        _____
                        UNITED STATES MAGISTRATE JUDGE
```

/12;robi2180.157